IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARY SARGENT, ADC #710323;
JENNIFER MROSS, ADC #754389; and
TINA M. EMERSON, ADC #710724                                        PLAINTIFFS

v.                       No. 1:12-cv-17 DPM-JTR

TIMOTHY J. HETHRINGTON, Corporal;
and STEPHENS, Corporal, Arkansas Department
of Correction                                                       DEFENDANTS

ORDER

Mary Sargent, Jennifer Mross, and Tina Emerson are prisoners in the McPherson Unit of the Arkansas Department of Correction. They filed a single *pro se* § 1983 complaint alleging that Defendants Corporal Timothy Hethrington and Corporal Stephens used excessive force on one of them on an unspecified date. *Document No. 1*.

On 9 February 2012, the Court directed Sargent, Mross, and Emerson to file separate amended complaints clarifying how each person's constitutional rights were violated. *Document No. 2*. Importantly, each plaintiff was advised that her claims would be dismissed without prejudice if she failed to timely and properly do so. Local Rule 5.5(c)(2).

1. Mross has not filed an amended complaint or otherwise clarified how her constitutional rights were violated. The time for doing so has expired. Thus, she is dismissed from this action without prejudice.

2. Emerson explains that she saw Hethrington and Stephens use excessive force on Sargent. *Document No. 4*. She does not allege that those Defendants used any force on her. She does contend in her Amended Complaint that unspecified prison officials are improperly handling her grievances and retaliating against her for unexplained reasons. *Document No. 6*. But these allegations have nothing to do with the alleged use of excessive force on Sargent. FED. R. CIV. P. 20(a)(1) (providing that plaintiffs may join in one action if they "assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions and occurrences" and any common "question of law or fact"). So Emerson and her Amended Complaint are dismissed without prejudice.

Similarly, Emerson's request that the Court conduct an inquiry into the denial of some envelopes, *Document No. 10*, is denied. If Emerson believes that prison officials have violated her rights, she remains free to file her own lawsuit. The Court notes that Emerson has filed various motions on Sargent's

behalf. Emerson may help Sargent with her motions and filings in this case, but from now on Sargent must sign them all herself. FED. R. CIV. P. 11(a).

3.  Several of the pending motions Emerson has filed on Sargent's behalf are premature. Motions, *Document Nos. 4 & 9*, are requests for discovery. They are denied. After Defendants file an answer, Sargent may begin discovery by mailing her requests directly to their attorney. She should not file them in the record. FED. R. CIV. P. 5(d)(1). Sargent is not yet entitled to default judgment, *Document No. 15*, or summary judgment, *Document No. 14*. Both of these motions are denied. The defendants have not been notified of the lawsuit because this Court must screen Sargent's complaint.

4. Sargent has stated a viable excessive-force claim against Hethrington and Stephens. 28 U.S.C. § 1915A. Sargent's motion for leave to proceed *in forma pauperis* is granted. *Document No. 5*. She does not have sufficient funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b). The Director of the ADC, his designee, or any future custodian is directed to collect monthly payments equal to 20% of the preceding month's income credited to Sargent's prison account each time the account exceeds $10.00, until the $350 filing fee has been paid in full.

The Clerk is directed to send a copy of this Order to the Warden of the McPherson Unit, 302 Corrections Drive, Newport, AR 72112; the ADC Trust Fund Centralization Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612-0550.

* * *

Motion to proceed in forma pauperis, *Document No. 5*, granted. Motions for discovery, *Document Nos. 4 & 9*, denied. Motion for inquiry, *Document No. 10*, denied. Motions for summary judgment and default judgment, *Document Nos. 14 & 15*, denied without prejudice.

The Clerk is directed to style *Document No. 11-1* as Sargent's amended complaint. The Clerk is directed to prepare a summons for Hethrington and Stephens. The Marshal is directed to serve the summons, Sargent's amended complaint, and this Order on them without prepayment of fees and costs or security therefor. The Court dismisses Emerson and Mross as plaintiffs.

The Court certifies that an *in forma pauperis* appeal of this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

  6 April 2012